No. 10–388. HUBER ET UX. *v.* NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION. Super. Ct. N. J., App. Div. Certiorari denied.

Statement of JUSTICE ALITO, with whom THE CHIEF JUSTICE, JUSTICE SCALIA, and JUSTICE THOMAS join, respecting the denial of certiorari.

Our cases recognize a limited exception to the Fourth Amendment's warrant requirement for searches of businesses in "closely regulated industries." See, *e. g., New York* v. *Burger,* 482 U. S. 691, 699–703 (1987) (internal quotation marks omitted). The thinking is that, other things being equal, the "expectation of privacy in commercial premises" is significantly less than the "expectation in an individual's home." *Id.,* at 700. And where a business operates in an industry with a "long tradition of close government supervision"—liquor dealers and pawnbrokers are classic examples—the expectation of privacy becomes "particularly attenuated." *Ibid.* (internal quotation marks omitted).

In this case, a New Jersey appellate court applied this doctrine to uphold a warrantless search by a state environmental official of Robert and Michelle Huber's backyard. No. A–5874–07T3, 2010 WL 173533, *9–*10 (Super. Ct. N. J., App. Div., Jan. 20, 2010) *(per curiam).* The Hubers' residential property contains wetlands protected by a New Jersey environmental statute. See N. J. Stat. Ann. § 13:9B–1 *et seq.* (West 2003 and Supp. 2010). According to the court below, the presence of these wetlands brought the Hubers' yard "directly under the regulatory arm" of the State "just as much" as if the yard had been involved in a "regulated industry." 2010 WL 173533, *10.

This Court has not suggested that a State, by imposing heavy regulations on the use of privately owned residential property, may escape the Fourth Amendment's warrant requirement. But because this case comes to us on review of a decision by a state intermediate appellate court, I agree that today's denial of certiorari is appropriate. See this Court's Rule 10. It does bear mentioning, however, that "denial of certiorari does not constitute an expression of any opinion on the merits." *Boumediene* v. *Bush,* 549 U. S. 1328, 1329 (2007) (Stevens and KENNEDY, JJ., statement respecting denial of certiorari).